UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| PAUL J. MANAFORT, JR. and ) | Crim. No. 17-201 (ABJ/DAR) |
| RICHARD W. GATES III, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT RICHARD W. GATES III'S
MOTION TO MODIFY RELEASE CONDITIONS**

Pursuant to 18 U.S.C. § 3145(b), Defendant Richard W. Gates III, by and through undersigned counsel, respectfully moves this honorable Court to allow for the continuation of the $5 million unsecured appearance bond subject to the condition that Mr. Gates not commit a federal, State, or local crime during the period of release, and revoke its October 30, 2017 order directing that Mr. Gates shall remain in permanent home confinement during the pendency of his case ("Order"). Significant factors supporting revocation of the Order include the nonviolent nature of the charges pending against Mr. Gates, Mr. Gates's lack of criminal history, and Mr. Gates's very strong ties to Richmond, Virginia, where he lives with his wife and four young children. These factors, along with many others, firmly establish that Mr. Gates is not a flight risk. Thus, in accordance with 18 U.S.C. § 3142, the condition of permanent home confinement should be revoked while his case is pending trial and Mr. Gates should be permitted to travel domestically and, on a limited basis, internationally. [1]

---

[1] Mr. Gates has already surrendered his passport. Additionally, Mr. Gates also informed the Government today through counsel that he will be surrendering an additional passport which had been pending processing as well as another travel document.

1

**Background**

On October 30, 2017, Mr. Gates appeared in the United States District Court for the District of Columbia for the first time in this case. At that time, the Court issued its Order, releasing Mr. Gates on the conditions that he be placed on permanent home confinement under the supervision of the U.S. Pretrial Services of the Eastern District of Virginia and be required to report daily by telephone to Pretrial Services. The Court ordered that Mr. Gates cannot leave his place of residence except for pre-approved visits with his attorney, medical appointments, visits with Pretrial Services, and religious services. Additionally, the Court ordered that Mr. Gates may not apply for a passport while on release.

**Argument**

The Government has moved for detention based on risk of flight, not danger to the community. Therefore, the Government must establish that no conditions of release could reasonably assure Mr. Gates' appearance, which it has failed to do.[2] The Bail Reform Act of 1984, 18 U.S.C.S. § 3141 et seq., requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

---

[2] All of the cases relied upon by the government are inapposite because they either involved defendants who were foreign nationals, *see United States v. Saani*, 557 F. Supp. 2d 97 (D.D.C. 2008) (defendant did not have family ties to particular U.S. location; defendant lived in Kuwait for over 10 years until his arrest; two countries he had closest ties to were Ghana and Kuwait, both have non-extradition treaties) or engaged in activity after the execution of a government search warrant that indicated an intent to flee , *see United States v. Anderson*, 384 F. Supp. 2d 32 (D.D.C. 2005) (defendant obtained publications on creation of false identities after government's execution of search warrant and had access to significant assets abroad including home in Spain)

When personal recognizance or an unsecured appearance bond are not sufficient, the court must consider imposing an alternative condition, or combination of conditions, that will assure the defendant's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c).[3] Examples of alternative conditions courts may consider imposing include employment or educational requirements, travel restrictions, stay away orders, a specified curfew, or a condition that the defendant refrain from the use of any controlled substance. *See* 18 U.S.C. § 3142(c)(1)(B).

1.   *Mr. Gates is Not a Flight Risk*

There is no reason why Mr. Gates should be confined to his home. As discussed further below, Mr. Gates' history and characteristics strongly negate any concerns about risk of flight. He has no prior criminal record. Mr. Gates is a devoted husband and a very involved father who closely manages the daily needs of four young children who depend on him financially.

2.   *Appropriate Release Conditions for Mr. Gates*

In order to comply with the Bail Reform Act's directive that only the "least restrictive" conditions be imposed, home confinement should be rescinded and Mr. Gates should be permitted to travel within the United States and, to some extent, abroad in order to maintain employment upon which his family depends. Mr. Gates submits that no other release conditions are appropriate.

The Bail Reform Act provides four factors that must be considered when determining whether pretrial release conditions can be set: (1) the nature and circumstances of the offense, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the

---

[3] When imposing an alternative condition, or combination of conditions, the court must select the "least restrictive" condition(s). See 18 U.S.C. § 3142(c)(1)(B).

defendant's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  See 18 U.S.C. § 3142(g). All of these factors demonstrate that Mr. Gates is not a flight risk.

    **(A)**    **The Nature and Circumstances of the Offense.**

Mr. Gates is charged with Conspiracy Against the United States, Conspiracy to Launder Money, Failure to File Reports of Foreign Bank and Financial Counts for Calendar Years 2011-2013, acting as an Unregistered Agent of a Foreign Principal, False and Misleading FARA Statements, and False Statements.

Thus, the nature and circumstances of the alleged offenses weigh strongly in favor of pretrial release.

    **(B)**    **The Weight of the Evidence.**

Mr. Gates vehemently disputes the charges, and eagerly looks forward to defending himself at trial.

    **(C)**    **The History and Characteristics of the Defendant**

        **Past Criminal Conduct.**

Mr. Gates is 45 years old with no criminal history.

        **Employment.**

Mr. Gates is self-employed as a consultant. Mr. Gates must be able to travel in the United States and, to some extent, abroad in order to maintain current clients and gain new clients. Should Mr. Gates remain on home confinement, he will lose his clients and be unable to support his family. This is a further indicator that he will not flee.

**Financial Resources.**

Mr. Gates has limited assets that include only a single home in Richmond, Virginia, which is his primary residence and where his wife and four children reside. This is a further indicator that he will not flee.

**History Relating to Drug or Alcohol Abuse.**

Mr. Gates has no history of drug or alcohol abuse. This is a further indicator that he will not flee.

**Physical and Mental Condition.**

Mr. Gates is mentally stable with no history of mental illness. This is a further indicator that he will not flee.

**Family and Community Ties.**

Mr. Gates, a U.S. citizen and resident, is a devoted husband and father to four children and his strong ties to the local community in Richmond, Virginia are further indicators that he will not flee. His family depends on him not only financially, but also for his parental duties. Mr. Gates and his wife share the rigorous duties that are necessary to care for four young children, who range from 6 years of age to 14 years of age. Mr. Gates is a 1994 graduate of the College of William and Mary in Williamsburg, Virginia, where he received his undergraduate degree, and a graduate of George Washington University in Washington, DC, where he earned a master's degree. Mr. Gates has lived in Richmond for 17 years, since 2000, with a brief assignment abroad over 10 years ago, and it is unthinkable that he would abandon his family, close friends, and local community to flee to some other country, even in the face of these unproven allegations. Mr. Gate's deep roots and connection to Virginia keep him firmly planted in the area and is a further indicator that he will not

flee.[4]

### The Nature and Seriousness of the Danger to Any Person or the Community if Released.

Mr. Gates has no prior criminal history of any kind and poses no danger to the community.

The Government itself concedes that Mr. Gates is not a danger to the community.[5]

---

[4] Counsel for Mr. Gates has had preliminary discussions with the government regarding the possibility of making a joint proposal regarding release conditions. If the Court denies Mr. Gate's motion today, then counsel respectfully will request that the Court consider in the near future any joint proposal for conditions of release.

[5] See Government's Memorandum in Support of Conditions of Release, Complex Case Designation and Notice of Intent to Use Certain Bank Records at 4 ("[T]he government does not contend here that the defendants pose a danger to the community.")).

**Conclusion**

WHEREFORE, for these reasons and any such reasons that shall appear to the Court, Defendant Richard W. Gates III, respectfully requests that this Court revoke permanent home confinement, permit Mr. Gates to travel domestically and, on a limited basis, internationally, and allow for the continuation of the $5 million unsecured appearance bond subject to the condition that he not commit a federal, State, or local crime during the period of release.

Respectfully submitted,

_/s/Shanlon Wu_____
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 office
202-747-7518 fax
*Attorney for Richard Gates*

Walter Mack
(Pro Hac Vice Admission to be filed)
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007-2911
212-619-3730 (Telephone)
212-962-5037 (Facsimile)