# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 17-0201 (ABJ) |
| PAUL J. MANAFORT, JR. and | ) | |
| RICHARD W. GATES III, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

At the status conference held in this case on November 2, 2017, and in the minute order that followed, the parties were invited to file submissions by Tuesday, November 7, 2017, setting forth any reasons why the Court should not enter an order pursuant to Local Criminal Rule 57.7(c) requiring all interested parties, in particular, counsel for both sides, to refrain from making further statements to the media or in public settings that are "substantially likely to have a materially prejudicial effect on this case." *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1076 (1991); *see also id.* at 1974 ("Because lawyers have special access to information through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceeding.")

To date, no party has filed any objection to the entry of such an order.

The Rules of this Court make clear that

> [i]t is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

LCrR 57.7(b)(1).  Further, Rule 57.7(c) contains specific guidance for widely publicized cases, and it gives the Court authority "[i]n a widely publicized or sensational criminal case, . . . [to] issue a special order governing such matters as extrajudicial statements by parties, witnesses and attorneys likely to interfere with the rights of the accused to a fair trial by an impartial jury."  LCrR 57.7(c).

> The limitations are aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found. Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by "impartial" jurors, and an outcome affected by extrajudicial statements would violate that fundamental right

*Gentile,* 501 U.S. at 1075.

Therefore, in order to safeguard defendants' rights to a fair trial, and to ensure that the Court has the ability to seat a jury that has not been tainted by pretrial publicity, all interested participants in the matter, including the parties, any potential witnesses, and counsel for the parties and the witnesses, are hereby

**ORDERED** to refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case.

/s/ Amy B. Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE:  November 8, 2017