UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD W. GATES III, | ) | Crim. No. 17-201-2 (ABJ) |
| | ) | |
| Defendant. | ) | |

**AFFIRMATION**

WALTER MACK, an attorney duly licensed to practice law before the courts of the State of New York and admitted to this court pro hac vice, under the penalties of perjury, affirms as follows:

1. I represent the Defendant Richard W. Gates III in the above-captioned matter. I also represent Steven Brown in a criminal case pending in the United States District Court for the Southern District of New York. United States v. Brown, No. 16 Cr. 436 (KMW). This Affirmation is submitted in response to the Government's Motion to Review Representation of Defendant Gates, dated November 20, 2017 ("Gvmt Motion"), requesting a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982).

2. The government notes that "[t]he conduct for which Brown is charged in the Southern District of New York is separate and apart from the charges pending in the instant action." (Gvmt's Motion at p. 2). However, because Mr. Brown and Mr. Gates know each other and had business dealings, the Government speculates that a "potential" conflict of interest might arise under certain hypothetical circumstances, "[h]owever unlikely," (Id. at 4) and "however remote" (Id. at 8), and that the Court should therefore hold a Curcio hearing.

3. Under the government's theory, the mere fact that two defendants have had a business relationship unrelated to the matters at issue in their respective cases triggers the need for a Curcio hearing. I respectfully disagree, especially as the government concedes, it "does not, at present have reason to believe Gates was directly involved in, or was a victim of the criminal conduct at issue in the New York case." (Id. at 3). Thus, neither defendant is presently expected to be a witness in the other's case. See Excerpt of Transcript of Motions Hearing, dated November 21, 2017, at pg. 17 (attached as Exh A).

4. I am aware of my obligations under both Rule 1.7 of the Rules of Professional Conduct in New York State and Rule 1.7 of the Rules of Professional Conduct in the District of Columbia, which are substantially similar, and I have concluded that I am not conflicted in either matter as the cases now stand. My representation of both defendants in their separate cases does not presently require me to take an action to advance a position adverse to the interests of the other – and it is difficult to conceive of such a situation arising in the future. Nonetheless, proceeding somewhat speculatively, the government has submitted its letter requesting a Curcio hearing, and in the process has created a firestorm of media interest and adverse publicity inimical to both defendants' fair trial interests.

5. Nevertheless, I have discussed with Mr. Gates and Mr. Brown the speculations engaged in by the prosecutors and the theoretical scenarios in which they imagine purported future conflicts, and I have encouraged both Mr. Gates and Mr. Brown to consult with independent counsel, raise whatever questions or concerns they may have with whomever they wish, and decide whether to terminate my representation or provide informed consent to my continuation as counsel. I, for my part, reasonably believe that I will be able to provide diligent and competent representation to each defendant.

6. I arrive at this conclusion based on the fact that the two criminal actions involve different prospective criminal law theories by prosecutors empowered with different jurisdictional powers, in different judicial districts, in separate courtrooms (likely at different times), with different witnesses and exhibits. While Mr. Gates and Mr. Brown are friends with past business associations, their cases involve different issues and there is no perception by them, or by me, of any competing interests.

7. Although the government raises the hypothetical prospects of one defendant being called to testify against the other (speculation that has generated much media fanfare to the detriment of both defendants), I have to question whether such an event is even likely under the current situation when neither defendant has been identified as a subject of the other's Grand Jury investigation and both would be extremely unlikely to testify against the other, even if immunized. Even in such an unlikely scenario, based on my experience in other cases, stipulations or other procedural means are available to the trial judge, such as independent legal counsel responsiveness, that could overcome whatever conflicts might arise, rather than interfering with the defendants' Sixth Amendment right to chosen counsel.

8. However, out of an abundance of caution and to address any concern the Court might have about hypothetical future scenarios giving rise to a conflict, no matter how farfetched, I have advised both Mr. Gates and Mr. Brown, as noted above, to seek independent legal advice, to carefully consider the questions raised, and for each to make his own decision whether to proceed with me as counsel.

9. Most disturbing about the speculation underlying the government's application for a <u>Curcio</u> hearing, however, beyond the publicity that threatens to taint the jury pool and the prospect of fair trials whether in the Southern District of New York or in the District of

Columbia, are the highly intrusive proposed questions presented by the government to the District Court.  If the Court does believe it prudent to proceed with the Curcio hearing, we ask that the questioning by the Court be simple and direct, to wit:

 a.  Are you aware of the government's request that the Court question you about Mr. Mack's representation of both you and Mr. Brown?

 b.  Do you understand that the government claims that there is a possibility that your best interests could conceivably, in some way, be in conflict with those of Mr. Brown, such as if one of you is called to testify in the other's case?

 c.  Have you discussed this subject not only with Mr. Mack but with a lawyer independent of him?

 d.  Have your questions and whatever concerns you may have been satisfactorily clarified or explained?

 e.  Are there any questions or more information you would like to ask of the Court?

 f.  Have you had sufficient time to consider and discuss this topic?

 g.  Have you decided to proceed with Mr. Mack as your defense counsel?

10.  I stand by, as does as my client, to respond to any questions or concerns of the Court.

Dated: New York, New York
   November 30, 2017

             /s/         .
            Walter Mack, Esq.
            Admitted Pro Hac Vice
            Doar Rieck DeVita Kaley & Mack
            217 Broadway, Suite 707
            New York, New York 10007
            212-619-3730
            *Attorney for the Defendant*
            *Richard W. Gates III*