```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA


     United States of America,       ) Criminal
                                     ) No. 17-201
                    Plaintiff,       )
                                     ) Motions Hearing
     vs.                             )
                                     ) Washington, DC
     PAUL JOHN MANAFORT, JR.         ) November 21, 2017
     RICHARD W. GATES, III,          ) Time: 1:00 p.m.
                                     )
                    Defendants.      )
    _____

                     TRANSCRIPT OF MOTIONS HEARING
                             HELD BEFORE
                THE HONORABLE JUDGE AMY BERMAN JACKSON
                      UNITED STATES DISTRICT JUDGE
    _____

                         A P P E A R A N C E S

     For the Plaintiff:      GREG D. ANDRES,
                             Senior Assistant Special Counsel
                             ANDREW WEISSMANN
                             KYLE R. FREENY
                             U.S. Department of Justice
                             Special Counsel's office
                             950 Pennsylvania Avenue NW
                             Washington, D.C.  20530
                             202-514-1746


     For Defendant Manafort: KEVIN M. DOWNING
                             815 Connecticut Avenue, N.W.
                             Suite 730
                             Washington, D.C. 20006
                             (202) 754-1992

                             THOMAS EDWARD ZEHNLE
                             Miller & Chevalier, Chartered
                             900 Sixteenth Street, NW
                             Washington, DC 20006
                             (202) 626-5800
                             Email: Tzehnle@milchev.com
```

```
1    For Defendant Gates:      SHANLON WU
                               Wu, Grohovsky & Whipple
2                              1300 Pennsylvania Avenue, NW
                               Suite 700
3                              Washington, DC 20004
                               (202) 204-3053
4                              Email: Swu@dcwhitecollar.com

5    ALSO PRESENT:             Andre Sidbury, Pretrial Officer

6    _____

7    Court Reporter:           Janice E. Dickman, RMR, CRR
                               Official Court Reporter
8                              United States Courthouse, Room 6523
                               333 Constitution Avenue, NW
9                              Washington, DC  20001
                               202-354-3267
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1    THE COURT:  All right.  I know we're bearing down
2    on Thanksgiving here.
3    MR. WU:  That's true, Your Honor.  I may have been
4    overly optimistic.  I forgot about that.
5    THE COURT:  Why don't we say December 4th.  That
6    gives you all next week and then -- so Monday, December 4th,
7    opposition will be due.
8    I'm not going to ask you any questions, but I do
9    have a couple of questions for the prosecution about it.
10   I understand in the motion that you've set forth
11   some financial relationships between defendant Gates and the
12   defendant in the New York matter.  But I really had some
13   difficulty discerning what is the conflict that actually
14   exists on the part of the lawyer.  You say on, page 2, that
15   the conduct in the two cases is separate and apart, but you
16   posit, on page 3, that Gates might have knowledge about the
17   allegations against Brown and he could be a potential
18   witness in the case against Brown.  And then you say Brown
19   might have knowledge about Gates and it's at least possible
20   that Gates or Brown could become a witness for the
21   government, or that information Mr. Mack learned from Brown
22   or Gates could be relevant to the defense of the other.  And
23   then you say however unlikely those propositions are, that I
24   should assert myself into the attorney-client relationship
25   in an abundance of caution.

1           So I wasn't sure why you're talking about
2   possibilities.  Is Mr. Brown a witness in your case?
3           MR. ANDRES:  He's not, Judge.
4           THE COURT:  And is Mr. Gates a witness in the
5   New York case?
6           MR. ANDRES:  Not that I'm aware of.  He's not, Judge.
7           THE COURT:  All right.  So then what's the conflict
8   you want me to address?
9           MR. ANDRES:  It, again, Judge, is a potential
10  conflict.  It's not necessarily one that exists.  But
11  certainly it's one that could develop over time; that is,
12  over the course of either of these cases.  It's possible
13  that either could be called as a witness in either case.
14          So our understanding from the prosecutors in the
15  Southern District case is that there's information that Mr.
16  Gates was involved in the transactions that underlie the --
17  that indictment; that is, he's had money transferred into
18  one of the entities involved with that investigation.  He
19  certainly could be a victim of that scheme, or he could be a
20  co-conspirator.  The government isn't alleging either.  But
21  what we want to avoid is the situation six months down the
22  line where Mr. Gates learns that there's an issue with
23  respect to his representation and it's not something that
24  was addressed ahead of time.
25          So it absolutely only relates to the potential

1  conflict.  As we mentioned in our filing, the prosecutors in
2  the Southern District of New York have also filed a letter
3  with Judge Wood, similar to this one, to have a hearing.
4              THE COURT:  But, I guess that case is supposed to
5  go to trial in March.
6              MR. ANDRES:  Correct.
7              THE COURT:  I don't understand why we're talking
8  about somebody who could suddenly turn out to be a witness
9  in a case where they've already had their grand jury
10 investigation, they've already brought an indictment, and
11 they know who they're planning to call as a witness.
12             MR. ANDRES:  Judge, because as we read the law, it
13 requires the government to bring forward, or for the Court
14 to address even the potential conflict at the earliest
15 potential stage.  So even, again, that it's only a potential
16 conflict, as we read the controlling law, it requires an
17 inquiry to Mr. Gates that he's aware of this even potential
18 conflict.
19             THE COURT:  All right.  Well, one thing I will ask
20 the government to do, at any time that you understand that
21 there's been any ruling coming out of the New York Court, if
22 you could provide -- you know, docket it, just file a notice
23 that there's been some development, so that we can all be
24 aware of it.
25             And I'll wait and see.  I'm not going to ask Mr.

```
 1    Wu to address it now.  I'm sure you want to fully talk to
 2    Mr. Mack and figure out what your position is.
 3              But, I just really didn't understand what you were
 4    trying to tell me.  And you've already clarified a little
 5    bit, so that's helpful.
 6              I don't have anything else that I need to talk
 7    about today.  Is there anything else that the government
 8    needs to bring up at this time?
 9              MR. ANDRES:  Not from the government, Judge.
10    Thank you.
11              THE COURT:  Anything further for Mr. Gates?
12              MR. WU:  Not for Mr. Gates.
13              THE COURT:  Anything further from Mr. Manafort?
14              MR. DOWNING:  No, Your Honor.
15              THE COURT:  Okay.  All right.  Thank you very
16    much, everybody.
17                              *   *   *
18
19
20
21
22
23
24
25
```