**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **PAUL J. MANAFORT, JR.,** <br><br> Defendant. | **Crim. No. 17-201-1 (ABJ)** |

**GOVERNMENT'S OPPOSITION TO THE MOTION OF DEFENDANT PAUL J. MANAFORT, JR.'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through Special Counsel Robert S. Mueller III, submits this response in opposition to defendant Manafort's motion to modify bail conditions. *See* ECF #66. Manafort's counsel correctly represented in his November 30, 2017, submission the government's general consent to the bail package as of the time it was made to this Court.[1] But as we promptly alerted the defense later that same day, the government learned facts that are pertinent to the bail determination before the Court. We thus promptly made an application to this Court to respond on December 4, 2017 to the Court's Order (ECF #69). Because bail is substantially about trust—in particular, whether the Court can trust that a defendant will abide by the combination of conditions designed to assure his appearance as required, *see* 18 U.S.C. § 3142(c)(1) and (f)— and because the newly discovered facts cast doubt on Manafort's willingness to comply with this Court's Orders, Manafort's proposed bail package does not provide the reasonable assurance required by the Bail Reform Act.

*Manafort Ghostwrites an Op-Ed to Influence Public Opinion*

The government's opposition to Manafort's motion is based on facts that the government

---

[1] The government, however, was planning to propose certain additional conditions to the bail proposed by Manafort, noted below. *See infra* at 3 n.4.

learned late last week.  *Cf. United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (parties may proceed by proffer in bail proceedings).  As late as November 30, 2017, Manafort and a colleague were ghostwriting an editorial in English regarding his political work for Ukraine.  Manafort worked on the draft with a long-time Russian colleague of Manafort's, who is currently based in Russia and assessed to have ties to a Russian intelligence service.[2]

As the Court is aware, at the first appearance before this Court with Manafort present, the Court admonished all of the parties not to try the case in the press.  *See* Nov. 2, 2017 Tr. 6-8 (Court explains that "this is a criminal trial, . . . not a public relations campaign").  At that time, Manafort had through counsel made statements to the press after his initial appearance.  The Court also gave the parties an opportunity to object to a proposed court Order prohibiting such out-of-court statements in order to protect the fairness of the upcoming trial.  *Id.* at 7-8.  No party objected, and on November 8, 2017, the Court entered an unopposed Order pursuant to LCrR 57.7 that barred the parties and counsel, among others, from making statements that could interfere with the fair trial to which the government and the defense are entitled.  *See* ECF#38 at 1-2 (ordering the parties to "refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case").

Even if the ghostwritten op-ed were entirely accurate, fair, and balanced, it would be a violation of this Court's November 8 Order if it had been published.[3]  The editorial clearly was undertaken to influence the public's opinion of defendant Manafort, or else there would be no

---

[2] The government separately has filed a motion seeking permission to submit documentary evidence supporting this proffer under seal.  We have not submitted it herein so as not to result in the full draft op-ed thereby becoming public.

[3] On the evening of November 30, the government alerted defense counsel to the defendant's efforts and were assured that steps would be taken to make sure it was no longer going to be published.

reason to seek its publication (much less for Manafort and his long-time associate to ghostwrite it in another's name). It compounds the problem that the proposed piece is not a dispassionate recitation of the facts.

*The Court Should Deny Manafort's Current Motion to Modify His Conditions of Release*

Because Manafort has now taken actions that reflect an intention to violate or circumvent the Court's existing Orders, at a time one would expect particularly scrupulous adherence, the government submits that the proposed bail package is insufficient reasonably to assure his appearance as required. *See* 18 U.S.C. § 3142(c) and (f). The government's prior general consent to the bail package presupposed that Manafort was complying with the Court's existing Orders.

The deficiencies in the proposed bail package, in light of this new information, warrant such a finding. The proposed bail package does not provide for a surety who is not a close family member. It does not provide for GPS monitoring. And it does not provide for a fully secured bond of unencumbered real estate. The Bridgehampton property, which is the largest of the assets in the proposed bail package, is already subject to forfeiture in the Indictment, and has a lis pendens filed against it.[4]

Although the Court could potentially address some of the deficiencies, the defendant has now demonstrated that he is willing to violate a Court Order and the Pretrial Services admonitions

---

[4] With respect to the proposed bail package, absent the new factual information, the government was going to request that the Court also: (1) make the bond forfeitable upon a breach of any condition of the defendant's release, not just his failure to appear (a provision that is on the Court's standard form but is not checked off in the submission made by the defense), *see, e.g., United States v. Gigante*, 85 F.3d 83, 85 (2d Cir. 1996) (per curiam); and (2) order that, each week, the defendant report to Pretrial Services where he will be located during the upcoming week, including details of any planned travel and where he will be staying; and (3) provide documentation as to the ownership of Summerbreeze LLC (the listed owner of the Bridgehampton property) and Jesand LLC (the listed owner of the Baxter Street property) so that the Court can be assured that all owners are consenting to the posting of the assets.

that are a part of pretrial process. *Cf. United States v. Kerik*, 419 F. App'x 10, 14 (2d Cir. 2011) (unpublished) (noting that the defendant's violation of a protective order "had caused the court to take the extraordinary action of revoking bail for a former Police Commissioner of the City of New York because it could no longer trust him to comply with court orders intended to ensure a fair and impartial jury").

Accordingly, while the government is not seeking remand, the government opposes Manafort's current motion to modify the conditions of his release.  In the event the Court disagrees, the government respectfully requests a fully secured bond, the posting of assets not subject to forfeiture, full-time GPS monitoring, and the conditions noted in footnote 4.

          Respectfully submitted,

          ROBERT S. MUELLER III
          Special Counsel

Dated: December 4, 2017      By:    \_\_/s/\_\_ Andrew Weissmann\_\_\_
          Andrew Weissmann
          Greg D. Andres (D.D.C. Bar No. 459221)
          Kyle R. Freeny
          U.S. Department of Justice
          Special Counsel's Office
          950 Pennsylvania Avenue NW
          Washington, DC 20530
          Telephone: (202) 616-0800

          *Attorneys for the United States of America*