UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 17-201-1 (ABJ) |
| PAUL J. MANAFORT, JR., ) | |
| ) | |
| Defendant. ) | |

DEFENDANT PAUL J. MANAFORT, JR.'S REPLY MEMORANDUM TO THE
GOVERNMENT'S OPPOSITION TO MOTION TO MODIFY CONDITIONS OF
RELEASE AND RESPONSE TO MINUTE ORDER DATED DECEMBER 5, 2017

Paul J. Manafort, Jr., by and through counsel, hereby submits this memorandum in reply both to the Government's opposition to the motion to modify his conditions of release (ECF #73) and to the Minute Order dated December 5, 2017, requiring that he show cause why he has not violated the Court's Order dated November 8, 2017 ("Order") (ECF #38).  Although the Office of Special Counsel consented to the substantial bail package submitted on November 30, 2017, the Government now backs out of its agreement because of Mr. Manafort's alleged *intention* to violate or circumvent the Court's Order.  *See* Opposition (ECF #73) at 3 (emphasis supplied).  The Office of Special Counsel misreads the breadth of the Order, and more importantly, ignores the controlling case law cited by the Court therein.  There has been no violation of the Order and no basis for the Government's withdrawal of its consent to the modified bail package. Moreover, the Government's interpretation would unconstitutionally vitiate Mr. Manafort's rights to defend himself and his reputation, and to correct the public record.

1

The Office of Special Counsel claims that Mr. Manafort violated the Order when he edited a draft op-ed, authored by a Ukrainian national, to ensure its accuracy. The Order instructed "all interested participants in the matter, including parties, potential witnesses, and counsel for the parties and the witnesses, . . . to refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case." Order at 2. The defense did not, and does not, understand that the Court meant to impose a gag order precluding Mr. Manafort from addressing matters, which do not "pose a substantial likelihood of material prejudice to this case." The op-ed was to appear in a newspaper published, not in the United States, but in Kiev, Ukraine. As the Supreme Court noted in the case cited in the Order, "[t]he 'substantial likelihood' test . . . was designed to protect the integrity and fairness of a . . . judicial system, and it imposes only narrow and necessary limitations on . . . speech." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991).

The Special Counsel's Opposition — devoid as it is of both legal analysis and legal precedents — claims that Mr. Manafort has engaged in wrongdoing when all he has tried to do is to correct the public record *in Ukraine* concerning his consulting activities *in Ukraine*. The draft op-ed was authored by Oleg Voloshyn, a former spokesperson for the Ministry of Foreign Affairs of Ukraine. It was intended to be, and has been, published in a Ukrainian newspaper, the Kyviv Post. There is nothing in the draft op-ed that would "pose a substantial material likelihood of prejudice to this case."

More specifically, in the Order, the parties, "in particular, counsel for both sides," are directed to the U.S. Supreme Court's holding in *Gentile*, and instructed "to refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case." *See* Order at 1-2. In *Gentile*, an attorney – held a press conference the day after his client was indicted (and six months before the actual trial). At the press conference, the lawyer contended generally that the evidence demonstrated his client's innocence, that the likely culprit of the crime was a police detective, and that other victims were not credible witnesses. *Id.* at 1059-1060. The state bar argued that the attorney had violated a disciplinary rule that prohibited him from making extrajudicial statements that he knew would have a substantial likelihood of materially prejudicing the proceeding. *Id.* at 1033. The State Supreme Court upheld the disciplinary board's finding, but the U.S. Supreme Court reversed the judgment. *Id.* at 1033, 1058.

The high court's analysis stands in stark contrast to the Office of Special Counsel's position. In *Gentile*, Justice Kennedy noted that "[n]either the disciplinary board nor the reviewing court explain any sense in which petitioner's statements has a substantial likelihood of causing material prejudice." *Id.* at 1038 (Kennedy, J., joined by Justices Marshall, Blackmun, and Stevens, concurring). Here, too, the Office of Special Counsel makes no attempt to explain how the op-ed has a substantial likelihood of materially prejudicing the trial of this case. Rather, it ignores *Gentile* (and the specific wording of the Court's Order) and creates its own new standard that even if the op-ed were entirely accurate, fair, and balanced, it would be a violation of this Court's Order if the op-ed had been published. (*See* ECF #73 at 2). Under the Special Counsel's view, if

one makes a statement to influence the public's opinion, that is a violation of the Court's Order. There is no plausible reading of *Gentile* or of the Order that supports this conclusion.

The Order only requires that the parties refrain from making public statements that "pose a substantial likelihood of material prejudice to this case." (*See* ECF #38 at 2). The Special Counsel's standard would lead to the constitutionally untenable conclusion that a defendant is not even allowed to maintain his or her innocence when such an order is entered because, by doing so, that statement might influence the public's opinion. In the Special Counsel's view, Mr. Manafort is apparently never allowed to set the factual record straight once an order under Local Criminal Rule 57.7(c) is entered, nor is he allowed to openly maintain his innocence. He must simply remain silent while his reputation is battered, and potential jurors in this District might be tainted. Fortunately, the fundamental right of freedom of speech is not abrogated because a U.S. citizen is charged with a crime. Indeed, in the opinion of at least four Justices of the Supreme Court, even "an attorney may take reasonable steps to defend a client's reputation . . . including an attempt to demonstrate in the court of public opinion that the client does not deserve to be tried." *Gentile* 501 U.S. at 1043 (Kennedy, J., joined by Justices Marshall, Blackmun, and Stevens, concurring). If an attorney can do so, clearly the defendant may do so as well.

There was no violation of this Court's Order, and the Office of Special Counsel should be held to its word with respect to the agreed-upon bail package. A fair reading of the Local Criminal Rule establishes that to the extent speech may be restrained, it is not a

"gag order." Even a cursory reading of *Gentile* establishes that a defendant (and his counsel) do not lose all of their First Amendment rights in a criminal prosecution.

The Government neglects to discuss the only case cited in this Court's Order, and also fails to analyze critically the Order itself. The Opposition is not supported by the facts or the law, and it certainly cannot form the basis for requiring the additional conditions of release that the Office of Special Counsel seeks.

The Bail Reform Act instructs the judicial officer to implement the *least restrictive* condition, or combination of conditions, that will reasonably assure the appearance of the person as required. *See* 18 U.S.C. Section 3142(c)(1)(B). Furthermore, "Section 3142 speaks only of conditions that will 'reasonably' assure appearance, not guarantee it." *United States v. Xulum,* 84 F.3d 441, 443 (D.C. Cir. 1996) (per curiam). The substantial bail package that Mr. Manafort has submitted to Court satisfies these requirements in full, regardless of whether the Office of Special Counsel agrees or not. And, in fact, the Office of Special Counsel last week agreed that this bail package met the requirements of the Bail Reform Act.

WHEREFORE, Defendant Manafort moves to modify his current conditions of release as outlined in his motion filed on November 30, 2017.

Dated: December 7, 2017

Respectfully submitted,

Kevin M. Downing
(DC Bar # 1013984)
Thomas E. Zehnle
(DC Bar #415556)
815 Connecticut Avenue
Suite 730
Washington, DC 20006
(202) 754-1992